Citation Nr: 1132129 
Decision Date: 08/31/11 Archive Date: 09/07/11

DOCKET NO. 04-29 061 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUE

Entitlement to service connection for the cause of the Veteran's death, for the purposes of burial benefits.


REPRESENTATION

Appellant represented by: Virginia A. Girard-Brady, Esquire


ATTORNEY FOR THE BOARD

J. Smith, Counsel



INTRODUCTION

The Veteran served on active duty from November 1940 to December 1945. The Veteran died in November 2002. The Appellant is his surviving spouse.
 
This matter originally came before the Board of Veterans' Appeals (Board) on appeal from a decision of August 2003 by the Department of Veterans Affairs (VA) Montgomery, Alabama, Regional Office (RO). In that decision, the RO denied entitlement to service connection for the cause of the Veteran's death for burial benefits purposes.

In July 2007, the Board denied the appeal. In the introduction to that decision, the Board referred claims for dependency and indemnity compensation (DIC), death pension, and accrued benefits by the Appellant to the RO for initial adjudication.

The Appellant subsequently appealed to the United States Court of Appeals for Veterans Claims (Court). In November 2008, the Appellant, through her attorney, and the Secretary of Veterans Affairs filed a Joint Motion requesting that the Court vacate the Board's decision and remand the case. The Court granted that motion in an order issued in December 2008. In April 2010 the case was returned to the Board for further action in accordance with the terms of the Joint Motion. 

In April 2010, the Board remanded the matter for development pursuant to the Joint Motion. Unfortunately, that development was not accomplished. As such, the appeal is REMANDED to the Department of Veterans Affairs Regional Office. VA will notify the appellant if further action is required.


Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2010). 38 U.S.C.A. § 7107(a)(2) (West 2002).


REMAND

The Board expresses its regret to the Appellant for the additional delay in the adjudication of this matter. This matter was last remanded by the Board in April 2010 for development ordered by the Court. However, on review of the record, the Board finds the development accomplished insufficient, unacceptable, and contrary to the intent of the last remand. The development directed by the Board in its last remand was not accomplished. Where the remand orders of the Board or the Courts are not complied with, the Board errs as a matter of law when it fails to ensure compliance. Stegall v. West, 11 Vet. App. 268, 271 (1998).

Essentially, in the December 2008 Joint Motion, the Court vacated the Board's July 2007 decision on the basis that it was erroneous for the Board to have adjudicated the issue of entitlement to service connection for the cause of the Veteran's death to include for the purposes of VA burial benefits, while simultaneously referring the issue of entitlement to DIC. This is because both claims require VA to issue a decision on whether the Veteran's death occurred as a result of a service-connected disability; the claims are inextricably intertwined. By deciding the former claim, the referred issue of entitlement to DIC was, in effect, prejudiced because VA had already decided the Veteran's death was not the result of a service-connected disability. The Court stated that the proper solution would have been for the Board to remand both claims for simultaneous adjudication by the RO.


In April 2010 the Board remanded the matter to the RO for this purpose. In remand directive #1, the RO was ordered to adjudicate the following claims: 1) entitlement to service connection for the cause of the Veteran's death for purposes of VA burial benefits, 2) entitlement to DIC benefits, 3) entitlement to accrued benefits, and 4) entitlement to death pension benefits. In remand directive #2, if the burial benefits claim remained denied the RO was directed to then issue a supplemental statement of the case for the issue on the issue. In remand directive #3, the RO was instructed that if the Appellant filed a notice of disagreement with the adjudication of the other issues (DIC, death pension, and accrued benefits), a statement of the case should be issued to properly develop an appeal of those issues.

The RO failed to comply with these directives. Instead, the RO only issued an SSOC on the issue of entitlement to service connection for the cause of the Veteran's death for purposes of VA burial benefits, essentially skipping remand directive #1 and complying only with remand directive #2. The body of the SSOC indicates that the RO simply reviewed the claims file, determined that another VA medical opinion was not required, and upheld the previous denial. This in no way accomplishes the objective of the remand. 

By failing to adjudicate the Appellant's claim for entitlement to DIC, the very purpose of the JMR and the Board's April 2010 remand was frustrated. The Board has been directed by the Court that it may not adjudicate the claim on appeal (entitlement to service connection for the cause of the Veteran's death for purposes of VA burial benefits) without the RO having adjudicated the claim for entitlement to service connection for DIC first. The RO similarly failed to adjudicate the claims for death pension and accrued benefits as directed. As such, another remand is required.


Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2010). Expedited handling is requested.)

1. The RO is directed to render a rating decision on each of the following claims:
a. entitlement to service connection for the cause of 
 the Veteran's death for purposes of VA burial 
 benefits 
b. entitlement to DIC benefits
c. entitlement to accrued benefits 
d. entitlement to death pension benefits

2. Thereafter, if the claim for service connection for the cause of death for the purpose of obtaining burial benefits is not granted, the RO should issue a supplemental statement of the case, and allow the Appellant an opportunity to respond before returning the case to the Board.

3. The RO should also issue a statement of the case regarding the other issues (DIC, death pension, and accrued benefits) if the Appellant files a timely notice of disagreement. The RO should then allow the Appellant 60 days within the date of mailing of the statement of the case, or the remainder of the one year period from the date of notification of the decision being appealed, whichever period ends later, to perfect the appeal of that issue to the Board if she so desires by filing a VA Form 9 substantive appeal. 38 C.F.R. § 20.302(b).

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2010).



_________________________________________________
MARJORIE A. AUER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2010).